UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAUN CONROY,

Plaintiff,

v.

PAMELA BIRD, Dr., individually and in her capacity as court-appointed forensic evaluator,

Defendant.

CASE NO. 3:26-cv-05907-BHS

ORDER

This matter is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Shaun Conroy's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court the evaluation of whether Conroy's complaint asserts a plausible claim and should be served. Dkt. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Conroy challenges the "constitutional reliability" of defendant Dr. Pamela Bird's court-ordered competency hearing, conducted in connection with Conroy's King County criminal proceeding. Dkt. 4 at 9. He asserts 42 U.S.C. § 1983 claims for violations of his First and Fourteenth Amendment rights, contending that Dr. Bird's evaluation was flawed and conducted improperly. Specifically, Conroy alleges that Dr. Bird failed to give appropriate weight to a witness's testimony and that Conroy received inadequate notice that Dr. Bird would conduct the evaluation remotely from North Carolina rather than in person.

Conroy's proposed complaint does not allege sufficient facts to state a plausible claim. He does not identify the result of his competency evaluation or its effect on his criminal proceeding. Nor does he explain how the use of videoconferencing or any other aspect of the evaluation violated his constitutional rights. To the extent Conroy merely disagrees with Dr. Bird's conclusions or assessment of the evidence, such disagreement, without more, does not establish a constitutional violation.

Furthermore, Conroy challenges a competency hearing as part of his state court criminal proceeding. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Conroy may amend his complaint to articulate alleged violations of his federal rights. Any amended complaint should focus on the "who, what, when, where, and why" of a factual story adding up to a plausible claim, and should be filed by **within 21 days**.

IT IS SO ORDERED.

Dated this 2nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge