UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAUN CONROY,

Plaintiff,

v.

PAMELA BIRD, Dr., individually and in her capacity as court-appointed forensic evaluator,

Defendant.

CASE NO. 3:26-cv-05907-BHS

ORDER

This matter is before the Court on its review of pro se plaintiff Shaun Conroy's amended complaint, Dkt. 6, filed in support of his application to proceed *in forma pauperis.* The Court declined to serve his prior complaint because he had failed to state a plausible claim, but granted Conroy leave to amend by October 23. Conroy timely filed his amended complaint, with more than 200 pages of attached exhibits, on October 19. *See* Dkt. 6.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Conroy's amended complaint suffers from the same defects as the first. Conroy again asserts 42 U.S.C. § 1983 claims for violation of his First and Fourteenth Amendment right arising from defendant Dr. Pamela Bird's competency evaluation in his apparently ongoing state criminal proceeding. Specifically, he alleges that Dr. Bird "deliberately or recklessly" presented misleading evidence by omitting the substance of a witness statement while relying on it to support a finding of "delusional disorder." Dkt. 6 at 6, 3. He also challenges Dr. Bird's opinion that "he did not demonstrate the capacity to assist in his defense in a reality-based manner." *Id.* at 3–4. He further asserts that he

could face "competency restoration treatment," and a "DCR [Designated Crisis Responder] evaluation." *Id.* at 4.

A plaintiff has standing to sue only if they present a legitimate "case or controversy," meaning the issues are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). To establish Article III standing, Conroy must show that he (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendants, and that is (3) likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Where a plaintiff alleges threatened future injury, that injury be "certainly impending," or present a "substantial risk" of occurring. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018).

Conroy lacks standing to assert claims based on speculative future consequences of Dr. Bird's competency evaluation. He has not undergone restoration treatment or a DCR evaluation, and the state court has not adopted Dr. Bird's report or entered an adverse competency finding. *See* Dkt. 6 at 27. Conroy identifies no pending order or other circumstances indicating that either consequence is likely to occur. Nor does Conroy allege facts showing that Dr. Bird's decision to discount a witness's statement, even if erroneous, rises to the level of a constitutional violation.

Furthermore, federal courts generally must abstain from interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine also applies to certain state civil proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (applying *Younger* abstention to civil enforcement actions akin

to criminal prosecutions). *Younger* abstention is appropriate only when the state proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If these four threshold elements are met, courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id*.

Conroy challenges a competency evaluation prepared for his pending criminal case. Those proceedings implicate important state interests, and Conroy identifies no barrier to raising his constitutional objections in state court. To the extent he seeks relief that would interfere with those proceedings, and absent any applicable exception, the Court must abstain under *Younger.*

Conroy's *in forma pauperis* status is **REVOKED**, and this matter is **DISMISSED** without prejudice and without leave to further amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge